# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| **VITAL SOLUTIONS, LLC** | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| **v.** | :   **CIVIL ACTION** |
| | :   **FILE NO.:** |
| **CYMER, LLC** | : |
| | : |
|     **Defendant.** | : |

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**COMES NOW**, Vital Solutions, LLC ("Vital Solutions"), Plaintiff in the above-styled action, and by way of its Verified Complaint for Damages and Injunctive Relief against Defendant Cymer, LLC ("Cymer"), shows the Court as follows:

**-1-**

Vital Solutions is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 3755 Fiscal Ct., Suite 2, West Palm Beach, Florida 33404.

**-2-**

Vital Solutions manufactures Vital Oxide, an EPA-registered hospital disinfectant cleaner, in Dalton, Georgia.

**-3-**

Defendant is a limited liability company organized and existing under the laws of State of Tennessee with its principal place of business located at 124 Cymer Ln, Decatur, Tennessee 37322, and may be served with process through its registered agent, Cymer, LLC, at that address.

1

**-4-**

This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this action arises under the Defense of Trade Secret Act, § 18 U.S.C. 1836.

**-5-**

This Court has original subject matter jurisdiction over the common claims pursuant to 28 U.S.C. § 1331 because those claims are joined with substantial and related claims under the trade secret laws of the United States. Alternatively, this Court has supplemental subject matter jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the trade secret claims that they form the same case or controversy under Article III of the United States Constitution.

**-6-**

This Court has personal jurisdiction over the Defendant because it is organized under the laws of the State of Tennessee and its principal place of business is within this district.

**-7-**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**-8-**

On or about August 27, 2013 Vital Solutions and Aseptic Health, LLC ("Aseptic") entered into an evaluation and Mutual Non-Disclosure Agreement ("Aseptic NDA"). Attached hereto as Exhibit "A," and incorporated herein by reference is a true and correct copy of the Aseptic NDA.[1] The Aseptic NDA restricts the disclosure and use of confidential information and trade secrets of

---

[1] The original agreement was entered between Vital Solutions and Clean Beyond Health, LLC ("Clean Beyond"). However, Clean Beyond changed its name to Aseptic in 2015 and is the same entity as Aseptic.

Vital Solutions and specifically provides that Aseptic Health "will not further analyze product without VITAL's written permission and/or attempt to reverse engineer the Product." Ex. A, ¶2.

**-9-**

On or about April 18, 2015, Vital Solutions and Aseptic entered into a Master Supply Agreement ("Master Agreement")[2] in which Vital Solutions agreed to supply certain commercial healthcare products to Aseptic.

**-10-**

On or about October 6, 2016, Vital Solutions and Aseptic entered into an Amended and Restated Master Supply Agreement ("Amended Agreement")[3] in which Vital Solutions again agreed to supply certain commercial healthcare products to Aseptic.

**-11-**

Like the Master Agreement, the Amended Agreement had an extensive section dedicated to Confidential Information. "Confidential Information" included any information related to "formulations, manufacturing methods, business plans, strategies, technology…"

**-12-**

Pursuant to the Amended Agreement, Aseptic agreed it "will not (i) use any such Confidential Information in any way, for its own account or the account of any third party, except for the exercise of its rights and performance of its obligations under this Agreement, or (ii) disclose any such Confidential Information to any party…"

---

[2] The Master Agreement will be filed at a later date under seal or under such other protections as may be provided in a protective order.
[3] The Amended Agreement will be filed at a later date under seal or under such other protections as may be provided in a protective order.

**-13-**

As contemplated by the Agreement, Vital Solutions supplied Aseptic with products, including Vital Oxide. Aseptic marketed and sold "Aseptic Plus" a private label version of Vital Oxide.

**-14-**

Vital Oxide is a sodium chlorite-based product.

**-15-**

Upon information and belief, toward the end of 2017, Aseptic's leadership decided to reverse engineer multiple products, including Vital Oxide, using the Confidential Information Aseptic had received from Vital Solutions. Attached hereto as Exhibit "B," and incorporated herein by reference is a true and correct copy of an affidavit provided by former Aseptic Chief Executive Officer, Max Labrooy, verifying the same.

**-16-**

Upon information and belief, in 2017 or 2018, Aseptic approached Defendant to help it reverse engineer Vital Oxide. Ex. B ¶ 17.

**-17-**

On or about April 13, 2018, Vital Solutions also entered into a Mutual Non-Disclosure Agreement with Defendant ("Cymer NDA") as a part of a new business relationship between Vital Solutions and Defendant. Attached hereto as Exhibit "C," and incorporated herein by reference is a true and correct copy of the Cymer NDA.

4

**-18-**

The Cymer NDA provides that Defendant will not use or disclose the confidential information or trade secrets of Vital Solutions outside of the parameters of the agreement between Defendant and Vital Solutions.

**-19-**

Pursuant to the terms of the Cymer NDA and at Defendant's request, on April 13, 2018, Vital Solutions shared with Defendant, product instructions, specifications, and other confidential product information pertaining to Vital Oxide.

**-20-**

On the evening of April 15, 2018, after having persuaded Vital Solutions to provide it with confidential information and after having possession of the confidential information for more than two days, Bud LaMonica, plant manager for Defendant, advised Vital Solutions that Defendant had a "conflict of interest based upon [their] existing customer relationships," and indicated that Defendant could not work with Vital Solutions. Mr. LaMonica further contended he had not opened the confidential data sent on April 13, 2018. Attached hereto as Exhibit "D," and incorporated herein by reference is a true and correct copy of the communications.

**-21-**

Upon information or belief, this "existing customer relationship," was Defendant's relationship with Aseptic.

**-22-**

Vital Solutions learned in 2022, that Aseptic had begun marketing a product called "SoRite." This product appears to be the result of Aseptic's reverse engineering attempts of Vital Oxide and is substantially similar to Vital Oxide.

**-23-**

Vital Solutions has recently learned that Aseptic has contacted Vital Solutions' customers in an attempt to directly market SoRite to them. Certain marketing materials of Aseptic improperly compare SoRite to Vital Oxide, using false or misleading information. Attached hereto as Exhibit "E," and incorporated herein by reference is a true and correct copy of the improper marketing materials.

**-24-**

On September 29, 2022, Vital Solutions sent a cease and desist letter to Defendant, informing Defendant of its intent to seek injunctive relief and damages for any and all improper conduct.

**-25-**

Defendant has not responded or taken any action to rectify its improper conduct. Accordingly, Vital Solutions has commenced this legal proceeding to seek immediate injunctive relief and damages against Defendant.

## COUNT I: BREACH OF CONTRACT

**-26-**

Vital Solutions realleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 25 as if fully restated hereinafter.

**-27-**

Vital Solutions sent Confidential Information to Defendant under an NDA, with express provisions stating that Defendant could not use or disclose any of the confidential information produced pursuant to the Cymer NDA.

-28-

Defendant has breached the Cymer NDA by using Confidential Information to assist Aseptic reverse engineer Vital Oxide and market it as its own product, SoRite.

-29-

Vital Solutions has suffered damages as a proximate result of Defendant's breaches of the NDA, in an amount to be proved at trial.

## COUNT II: MISAPPROPRIATION OF TRADE SECRETS

-30-

Vital Solutions realleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 25 as if fully restated hereinafter.

-31-

As a result of its business relationship with Vital Solutions, Defendant was given access to Vital Solution's valuable trade secrets, including but not limited to Vital Oxide's components, mixing instructions, manufacturing process, and confidential customer lists. These materials are unique and proprietary to Vital Solutions and are not commonly known or available to the public.

-32-

Vital Solutions' trade secrets misappropriated by Defendant derive independent economic value, actually or potentially, from not being generally known to other persons who can obtain economic value from their disclosure or use. Vital Solutions takes steps that are reasonable under the circumstances to maintain the secrecy of its trade secret information.

-33-

Defendant's misappropriation of Vital Solutions' trade secrets gives it an unearned, unfair, and unjust advantage in operating a competing business.

**-34-**

Defendant did not have Vital Solutions' consent, express or implied, to appropriate or disclose Vital Solutions' trade secret for its own use or benefit or for the use or benefit of any other entity.

**-35-**

The use or disclosure, or threatened use or disclosure, of Vital Solutions' trade secrets entitles Vital Solution to immediate injunctive relief and damages.

**-36-**

At all material times, Defendant has acted willfully, maliciously, and in bad faith. Vital Solutions is therefore entitled to an award of attorneys' fees incurred in connection with this action pursuant to 18 U.S.C. § 1836.

**-37-**

The acts or threatened acts of misappropriation or misuse of Vital Solution's trade secrets have caused and will continue to cause irreparable harm to Vital Solutions, as well as damages in an amount to be proven at trial.

## COUNT III: TEMPORARY RESTRAINING ORDER
## AND OTHER INJUNCTIVE RELIEF

**-38-**

Vital Solutions realleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 25 as if fully restated hereinafter.

**-39-**

Unless enjoined and restrained, Defendant will continue to use Vital Solutions' trade secrets and confidential information in violation of the NDA.

**-40-**

Allowing Defendant to continue to engage in this conduct is in violation of the Agreement, as well as statutory law, and will accordingly cause immediate irreparable injury, loss, and/or damage to Vital Solutions.

**-41-**

Accordingly, Vital Solutions asks this Court to restrain and enjoin Defendant from:

a) Producing or marketing any quantity of SoRite;

b) Using or sharing any confidential information that belongs to Vital Solutions;

c) Altering or destroying any relevant evidence in this case, including but not limited to all records (whether in electronic or hard copy form) that relate to the issues raised in this lawsuit, specifically Defendant's relationship with Aseptic Health and of Vital Solutions' customers until such time as this matter is fully resolved in order to protect the evidence that is central to this case.

## COUNT IV: PUNITIVE DAMAGES AND ATTORNEY'S FEES

**-42-**

Vital Solutions realleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 25 as if fully restated hereinafter.

**-43-**

Defendant has acted maliciously, intentionally, fraudulently, and recklessly, and has put Vital Solutions in unnecessary trouble and expense, and have otherwise violated the provisions of 18 U.S.C. § 1836.

Accordingly, Vital Solutions is entitled to recover from Defendant the costs and expenses of this litigation, including reasonable attorneys' fees, pursuant to 18 U.S.C. § 1836.

WHEREFORE, Vital Solutions prays that:

(a) Process issue and service of process be had upon Defendant as provided by law;

(b) Enter a preliminary, interlocutory, and permanent injunction against Defendant;

(c) Vital Solutions have judgment in its favor against Defendant;

(d) Award Vital Solutions damages in an amount to be proved at trial that will adequately compensate Vital Solutions;

(e) Award increased damages sustained by Vital Solutions up to two times the amount of their actual damages as authorized by 18 U.S.C. § 1836;

(f) Award Vital Solutions punitive damages;

(g) Award Vital Solutions reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1836;

(h) The Court grant such other additional relief as the Court deems just and proper in favor of Vital Solutions.

This 11th day of January, 2022.

                            **THE MINOR FIRM**

                            BY:    **/s/ JONATHAN L. BLEDSOE**
                                        **JONATHAN L. BLEDSOE**

**P.O. BOX 2586**                          **BPR#027814**
**DALTON, GA 30722-2586**         **Attorney for Vital Solutions**
**706.259.2586**
**jbledsoe@minorfirm.com**

SPICER RUDSTROM, PLLC

BY: /s/ B. THOMAS HICKEY, JR.
B. THOMAS HICKEY, JR.
BPR#019105
Attorney for Vital Solutions

**537 MARKET STREET, SUITE 203**
**CHATTANOOGA, TN 37402**
**423.756.0262**
**thickey@spicerfirm.com**