UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| VITAL SOLUTIONS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:23-CV-10-TAV-CHS ) |
| CYMER, LLC, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant's Motion to Extend Scheduling Order and to Extend Dispositive Motion Deadline [Doc. 59]. Defendant requests an extension of all remaining deadlines, specifically the discovery deadline, by 90 days [*Id.* at 2]. In support, defendant states that current counsel was retained in this case on July 18, 2024, and due to counsel's recent involvement, additional time is required to review materials and complete discovery, particularly depositions [*Id.* at 1]. Defendant states that key depositions have yet to be scheduled, and given the complexity of the case, it is unlikely depositions and other discovery tasks will be completed by the current deadline [*Id.*]. Further, defendant states that the depositions of plaintiff are set for early January 2025, and plaintiff has notified defendant that it intends to take the depositions of multiple additional fact witnesses [*Id.* at 3].

Defendant also requests that the dispositive motion deadline in this case be reinstated or extended [*Id.* at 2]. In support of this request, defendant states that, based on the Court's Order on July 24, 2024 [*see* Doc. 51], which granted the parties' joint motion to amend the

scheduling order, the dispositive motion deadline was moved to November 15, 2024 [*Id.* at 2–3]. Defendant states that plaintiff's position, however, is that the dispositive motion deadline was not extended by this Order [Doc. 51] and that the dispositive motion deadline has expired [*Id.* at 3]. Defendant asserts that it will be significantly prejudiced if not allowed to file a dispositive motion, arguing that the fact that plaintiff's first complaint was dismissed "shows the tenuous nature of [p]laintiff's claims" [*Id.*]. Defendant states it is in the interest of justice and judicial economy to allow dispositive motions to proceed because it believes plaintiff's claims will likely be narrowed, if not entirely disposed of, by a dispositive motion [*Id.*].

Plaintiff responded, consenting to defendant's request for an extension of the discovery deadline but opposing defendant's request that the dispositive motion deadline be reinstated or extended [Doc. 60]. Plaintiff contends that the dispositive motion deadline expired nearly five months ago, and that defendant knew this when the parties filed their joint motion to amend the scheduling order on July 19, 2024 [*Id.* at 2]. Accordingly, plaintiff argues that defendant incorrectly asserts that the dispositive deadline was renewed by the Court's granting of this joint motion [*Id.*; *see* Doc. 51]. Plaintiff also notes that, throughout this case's progression, defendant has been represented by counsel and at no point did defendant's counsel choose to file a dispositive motion or seek an extension to file such motion [Doc. 60, p. 2]. Further, plaintiff states that its complaint was never dismissed, contrary to defendant's position [*Id.*]. Ultimately, plaintiff argues that it will be significantly prejudiced if the dispositive deadline motion is reinstated, insisting that any dispositive motion by defendant would be frivolous and a waste of time and resources [*Id.* at 3].

2

Beginning with defendant's first request, the Court notes that a 90-day extension of the discovery deadline would put such deadline on the same day as trial [*see* Docs. 28, 51]. Given defendant has not moved to continue the trial in this case, the Court does not find it appropriate to grant defendant's request for a 90-day extension of the discovery deadline.[1] Therefore, the Court will **DENY** defendant's motion to the extent it requests a 90-day extension to the discovery deadline. However, for good cause shown, and in light of the lack of opposition, the Court will extend the discovery deadline by **sixty (60) days**.

Turning to defendant's second request, the Court finds it appropriate to discuss the procedural history of this case given the parties' dispute as to whether the dispositive motion deadline has expired. On June 13, 2023, the Court entered a scheduling order in this case, setting the trial for July 16, 2024, and the dispositive motion deadline 150 days before the trial date [Doc. 28]. On January 18, 2024, the parties jointly moved to amend the scheduling order [Doc. 40], and the Court granted this motion, resetting the trial for December 3, 2024, and extending all unexpired deadlines, which included the dispositive motion deadline [Doc. 41]. Specifically, the dispositive motion deadline was reset to July 6, 2024.

On July 19, 2024, after the dispositive motion deadline had expired, the parties again moved to amend the scheduling order [Doc. 49]. In their motion, the parties included a request to extend "outstanding deadlines[,]" which the parties outlined in a footnote [*Id.* at 2 n.1]. The dispositive motion deadline was absent from the deadlines the parties listed as being "affected by a continuance" [*Id.*]. The Court granted the parties' joint motion, stating

---

[1] The Court also notes that it has extended the discovery deadline twice already in this case [*see* Docs. 41, 51].

3

that "[a]ll *unexpired* scheduling deadlines, as of the date of the filing of the parties' joint motion" shall be applied as calculated from the new trial date and according to the same limitations set forth in the original scheduling order [Doc. 51 (emphasis added)]. Given the dispositive motion deadline was expired as of the date the parties filed their joint motion [Doc. 49], the Court's Order [Doc. 51] did not extend that deadline.

Based on the procedural history, defendant is asking the Court to reinstate a deadline that expired nearly five months ago. Federal Rule of Civil Procedure 6(b)(1)(B) allows the Court, for good cause, to extend the time for completing an act, on party's motion, after the time has expired, if the party has failed to act because of excusable neglect. Defendant has provided no argument regarding excusable neglect or any explanation as to its failure to act before the dispositive motion deadline expired. Rather, defendant argues that it will be significantly prejudiced if not allowed to file a dispositive motion against plaintiff's "tenuous" claims and contends that the dispositive motion deadline was in fact extended to November 15, 2024, by the Court's July 24, 2024, Order [Doc. 59, p. 3].[2]

First, the Court notes that defendant's statement that plaintiff's first complaint was dismissed is inaccurate, and thus, such statement cannot support defendant's request for a reinstatement or extension of the dispositive motion deadline.[3] Second, even if the Court

---

[2] The Court notes that defendant appears to mistakenly use the final pretrial conference date, April 14, 2025, rather than the trial date, April 22, 2025, in its calculation of the dispositive motion deadline [*Id.*].

[3] As plaintiff argues [Doc. 60, pp. 1–2], plaintiff's complaint was never dismissed. Defendant moved to dismiss plaintiff's original complaint, but before the Court could rule on this motion, plaintiff filed an amended complaint [Docs. 17, 19]. The Court then denied defendant's motion as moot in light of plaintiff's amended complaint [Doc. 21]. Defendant again filed a motion

4

were to accept that the dispositive motion deadline was extended by its July 24, 2024, Order [Doc. 51], defendant's request still falls after the expiration of that deadline. Therefore, regardless of whether the Court's Order [Doc. 51] extended the dispositive motion deadline, defendant would need to show that its failure to act was due to excusable neglect. The defendant has not done so here. Accordingly, defendant's motion [Doc. 59], to the extent it requests an extension or reinstatement of the dispositive motion deadline, is **DENIED**.

For the reasons above, defendant's motion [Doc. 59] is **DENIED**. The Court, however, will extend the discovery deadline in this case by **sixty (60) days**. The trial will remain as scheduled for April 22, 2025.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

to dismiss as to plaintiff's amended complaint [Doc. 22], but this motion was denied by the Court [Doc. 42].