UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| VITAL SOLUTIONS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:23-CV-10-TAV-CHS ) |
| CYMER, LLC, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's Motion for Reconsideration [Doc. 63]. Plaintiff responded [Doc. 64], and the time for defendant to reply has passed. Accordingly, this matter is now ripe for review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons below, defendant's motion [Doc. 63] is **DENIED**.

### I. Background

On June 13, 2023, the Court entered a scheduling order in this case, setting the trial for July 16, 2024, and the dispositive motion deadline 150 days before the trial date [Doc. 28]. On January 18, 2024, the parties jointly moved to amend the scheduling order [Doc. 40], and the Court granted this motion, resetting the trial for December 3, 2024, and extending all unexpired deadlines, which included the dispositive motion deadline [Doc. 41]. On July 19, 2024, after the dispositive motion deadline had expired, the parties again moved to amend the scheduling order, requesting "a limited continuance of outstanding deadlines" [Doc. 49]. The parties outlined the deadlines that would be affected by a continuance, and the dispositive motion deadline was absent from this list [*Id.* at 2 n.1].

The Court granted the parties' joint motion, continuing "[a]ll *unexpired* scheduling deadlines, as of the date of the filing of the parties' joint motion [Doc. 49]" in accordance with the new trial date and the same time limitations set forth in the Court's original scheduling order [Doc. 51 (emphasis added)]. As stated in this Court's December 10, 2024, Order [Doc. 62, p. 4], this continuance [Doc. 51] did not extend the dispositive motion deadline as it had already expired as of the date the parties filed their joint motion [*See* Doc. 49].

On August 1, 2024, defendant filed a motion to withdraw and substitute counsel [Doc. 52]. The Court granted this motion [Doc. 53]. Approximately four months later, on December 3, 2024, defendant filed a motion, requesting that the Court extend the discovery deadline and reinstate or extend the dispositive motion deadline [Doc. 59]. Plaintiff responded, agreeing to defendant's request for an extension of the discovery deadline by 90 days but opposing defendant's request as to the dispositive motion deadline [Doc. 60]. On December 10, 2024, the Court denied defendant's motion but permitted a 60-day extension of the discovery deadline [Doc. 62].

Defendant now moves the Court to reconsider its Order [*id.*] to the extent it denied defendant's request to reinstate or extend the dispositive motion deadline [Doc. 63]. Specifically, defendant asserts that "[t]he involvement of new counsel justifies an extension or reinstatement of [the] dispositive motion deadline to allow for a fair and thorough presentation" of its case [*Id.* at 2]. Furthermore, defendant argues that, although prior counsel failed to extend the dispositive motion deadline, this is not the fault of current counsel [*Id.*]. And thus, to hold current counsel responsible for this mistake "would be

2

manifest injustice" [*Id.* at 2–3]. Additionally, defendant contends that its failure to file dispositive motions by the original deadline "should be viewed as excusable neglect" of prior counsel [*Id.* at 3]. Defendant urges that "[i]t would be improper to punish [it] and [its] current counsel" for prior counsel's excusable neglect [*Id.*]. Finally, defendant claims that no party will be prejudiced by the reinstatement of the dispositive motion deadline; rather, the deadline's reinstatement would be in the "interests of justice and the judicial economy of this Court" [*Id.* at 4].[1]

In response, plaintiff argues that current counsel could have filed a motion to reinstate the dispositive motion deadline when they were first retained, but they did not [Doc. 64, p. 3]. Moreover, plaintiff maintains that just because current counsel disagrees with prior counsel's decision to not file a dispositive motion or seek an extension "does not mean that there was manifest injustice or excusable neglect" [*Id.*]. Additionally, despite defendant's contention, plaintiff asserts that it would be significantly prejudiced if the dispositive motion deadline was reinstated as it would require plaintiff to expend more resources and further delay trial, which has already been reset twice [*Id.* at 4]. Therefore, plaintiff requests that the Court deny defendant's motion [*Id.*].

---

[1] Defendant also argues that "the procedural history and the Court's previous Orders could be interpreted as granting an implicit extension of the dispositive motion deadline" [*Id.*]. Earlier in its motion, however, defendant states that its current counsel was retained "at the end of July 2024, well after the dispositive motion deadline had passed" [*Id.* at 2]. Thus, defendant's argument of an "implicit extension" is one that it contradicts itself. Furthermore, defendant appears to overlook what the Court established in its previous December 10, 2024, Order [Doc. 62] and reiterates in this Order. That is, when the Court granted the parties' joint motion to amend the scheduling order [Doc. 49], the Court *explicitly* continued only "unexpired deadlines[,]" which did not include the dispositive motion deadline [Doc. 51]. An argument that the Court was granting an "implicit extension" of an expired deadline here is therefore unavailing.

3

## II. Analysis

The Court's December 10, 2024, Order [Doc. 62] was interlocutory in character because it resolved "fewer than all the claims or the rights and liabilities of fewer than all the parties" to this action. Fed. R. Civ. P. 54(b). The Sixth Circuit has recognized that "[d]istrict courts have authority both under [federal] common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citation omitted). This authority allows the court to "afford such relief . . . as justice requires." *EEOC v. Dolgencorp, LCC*, 206 F. Supp. 3d 1309, 1312 (E.D. Tenn. 2016) (quoting *Rodriguez*, 89 F. App'x at 959). Reconsideration of an interlocutory order is proper when the movant shows either: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citation omitted). However, "[m]otions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). Nor do such motions present an opportunity to raise new legal arguments that were available before the interlocutory order issued. *See Am. Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984); *Walker v. Conseco Servs., LLC*, 252 F. Supp. 2d 524, 528–29 (N.D. Ohio 2003).

The Court finds defendant has not established any basis for reconsideration. First, at the time defendant filed its original motion [Doc. 59], the argument of excusable neglect

4

was available to it. *See* Fed. R. Civ. P. 6(b)(1)(B). Thus, defendant cannot raise this "new legal argument" in its motion to reconsider. *See Walker*, 252 F. Supp. 2d at 528–29. Regardless, on a motion to reconsider, excusable neglect is not a proper basis for relief. *See Louisville/Jefferson Cnty. Metro Gov't*, 590 F.3d at 389. Second, defendant could have raised the underlying basis for its manifest injustice argument before the Court entered its December 10, 2024, Order [Doc. 62]. As stated previously, defendant argues that to hold defendant or its current counsel responsible "for the prior mistakes of lack of competence of [prior counsel's] representation would be manifest injustice" [Doc. 63, pp. 2–3]. Any "mistake" of prior counsel, including allowing the dipositive motion deadline to lapse, could have been raised in defendant's original motion [Doc. 59], which was filed by current counsel. Therefore, neither of defendant's arguments are proper.

Even if the Court were to consider defendant's manifest injustice argument, it would fail. While there is no general definition of manifest injustice, "a showing of manifest injustice requires there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Gilley v. Eli Lilly & Co.*, No. 3:10-CV-251, 2014 WL 619583, at *3 (E.D. Tenn. Feb. 18, 2014) (emphasis omitted) (citation omitted). Notably, "[t]he Sixth Circuit has provided that manifest injustice does not include a party attempting to correct what has—in hindsight—turned out to be a poor strategic decision." *Am. Accessories, Int'l, LLC v. Conopco, Inc.*, No. 3:15-CV-49, 2017 WL 52606, at *9 (E.D. Tenn. Jan. 4, 2017) (internal quotation marks omitted) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)).

5

To the extent that defendant is attempting to correct what it now believes to be poor strategic decisions, i.e., not filing a dispositive motion and/or not seeking to extend such deadline previously, such is inadequate to demonstrate manifest injustice. And though defendant is trying to pin the self-characterized poor decisions on prior counsel, "clients must be held accountable for the acts and omissions of their chosen counsel." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 524 (6th Cir. 2006) (internal quotation marks omitted) (citation omitted); *accord Frazier v. Sec'y, Dep't of Health & Hum. Servs.*, 940 F.2d 659, 1991 WL 148735, at *3 (6th Cir. Aug. 5, 1991) (unpublished table decision) (observing that "litigants must bear the consequences of their attorneys' tactical decisions"). Therefore, defendant must be held accountable for the acts and omissions of its prior, chosen counsel. And despite defendant's contentions, retention of new counsel does not eliminate defendant's responsibility.[2]

## III. Conclusion

Given the above, and finding no fundamental flaw in the Court's earlier denial of defendant's request to extend or reinstate the dispositive motion deadline [Doc. 62], the

---

[2] Defendant also does not cite to any authority supporting its argument that defendant should not be held responsible for prior counsel's acts.

The Court also notes that defendant argues that "[t]he fact that prior counsel extended deadlines but failed to extend the dispositive motion deadline is clear evidence that new counsel was warranted" [Doc. 63, p. 2]. Without more, the Court cannot conclude the same. There are numerous possibilities as to why prior counsel did not move to extend the dispositive motion deadline, including that such deadline had already expired as of the date of the second, joint motion to amend the scheduling order [*See* Doc. 49]. Further, while current counsel continues to put the onus on prior counsel's acts, or lack thereof, current counsel did not move to extend or reinstate the dispositive motion deadline until approximately four months after they had been retained, which was nearly five months after the dispositive motion deadline had expired.

Court does not find that defendant has made a sufficient showing of manifest injustice. Accordingly, defendant's motion [Doc. 63] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE